# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| DEBRA ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Filing Section 1981 |
| vs | ) | |
| | ) | |
| CREE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff would like to file a Section 1981 against the defendant because of the retaliation and harassment she is experiencing or have experienced from the defendants' staff when she filed at Title VII discrimination claim against them. She originally filed a Title VII harassment and retaliation, but it was dismissed by this court stating that the plaintiff has not alleged any materially adverse actions and that her allegations are all time barred (Case No.5:09-CV-189-H). The discrimination case (Case No. 5:08-CV-13-H) is currently pending with the US Supreme Court. Also, the Supreme Court allows a Section 1981 to be filed when allegations are all time barred in a Title VII harassment and retaliation claim.

## Introduction

While going through Title VII sex and race discrimination claim (42 U.S.C. secs 2000e et seq), the plaintiff continue experiencing a campaign of retaliatory harassment issued by the defendant's staff that negatively affected her ability to do her job. The plaintiff began experiencing this harassment when the discrimination claim was filed with the EEOC...around February, 2007.

The claim states that: **the plaintiff was subjected to harassment in that her supervisor ignores her; did not assign her duties and directions on a daily basis and encouraged her subordinates to disrespect and not listen to her directions. She was denied a transfer to the red day shift. She was forced to take the Crucial Conversation class and forced to certify on several machines for lower level positions. On her 2008 performance evaluation, she was rated as "Needs Improvement" and received a low pay increase of 2%. On her 2009 performance evaluation, she was told to qualify on 2-3 machines or she will be dismissed from her duties...no pay increase was given. On her 2010 performance evaluation, she received low ratings and was told that she didn't qualify on machines that she was told to do a few weeks before her review, which was done earlier than her anniversary day. She was also made to sign a code of conduct in which she didn't want to sign because she had the Title VII discrimination and harassment cases pending with the Supreme Court. She was told that if she didn't sign the Code, she would be fired. She wrote a letter stating that she would uphold the code of conduct and signed it, but she was made to stay out of work until she signed the company's paper work agreeing to the Code. As Shift Leader, her name is not included on the qualification forms and paperwork has been falsified using her name that work has been completed.**

The Plaintiff has been harassed since she filed her initial race and sex discrimination complaint against the Defendant. The Defendant has allowed harassment and retaliation acts against the Plaintiff in the workplace. The Plaintiff's former supervisor retaliated as well as harassed her since her initial race and sex discrimination complaint against the Defendant (Cree, Inc.). The Plaintiff has experienced offensive conduct; such as, intimidation, ridicules, insults or put-downs, offensive pictures, being set up for failure, not been given proper assignments, and interference with work performance.

Because she filed the initial discrimination complaint was the reason for this second lawsuit of harassment and retaliation against the Defendant. The Plaintiff has suffered the following material adverse employment actions: decreased salary or wages – because of the lower pay raises; loss of seniority – Defendant allows Plaintiff, who has seniority over the current shift leaders, get past over for vacant position, and supervisor's

decision not to take action to stop harassment by co-workers in retaliation for employee's opposition to civil rights violation – supervisor encourages the co-workers to annoy plaintiff and continually and set her up to fail. A Title VII harassment and retaliation lawsuit was filed with this court on April 27, 2008.

## Argument

The Defendant allowed the Plaintiff's supervisor, Sean Lorichon, to continue to discriminate, harass and retaliate against the Plaintiff for nearly two years after she reported this activity. One adverse action tells how the supervisor didn't give the plaintiff her work assignment on a daily basis or didn't invite her to required department team meetings that impacts the entire department operations as well workers production in which she is responsible for. She was left out of a lot of important decisions that were made by other shift leaders.

Plaintiff has complained about the Defendant continuous harassment and retaliation against her for over two years. She never had these problems before until she filed a lawsuit against the company. Defendant has allowed the staff (management, HR, etc) to make the Package and Test Department a hostile environment. Counsel never advised the Defendant to only let the Plaintiff do the responsibilities that was given to her for the past 5 years or before the discrimination lawsuit. He never instructed them that sending the Plaintiff to a behavior class – Crucial Conversation, when she complained about her supervisor harassing her; setting her up to fail will lead to a retaliation and harassment lawsuit. The supervisor has tried to set the plaintiff up to fail by modifying the time on several travelers; giving her performance reviews out of anger and hatred which led to overall poor performance ratings and low merit raises at 2% than

she received in the previous years or reviews before the lawsuit; telling her to qualify on operator machines which is for a low-level position – instead of learning the duties of her current position; leaving Plaintiff's name off qualification forms as shift leader for her team – team has questioned her about why she is not listed as their shift leader; ignoring plaintiff and not giving her assigned duties and direction on a daily basis as well as encouraging subordinates to not listen to her and to disrespect her. This activity has lead to this harassment and retaliation lawsuit.

The Plaintiff engaged in protected activity and as a result suffered this adverse employment action.

Plaintiff has suffered adverse employment action, because she filed a pay discrimination charge. The defendant decided not to take action to stop harassment by co-workers in retaliation for employee's opposition to civil rights violations. Because of the poor performance reviews and merit percentages, she has experienced a decrease in wage or salary. Because she was denied a transfer to a red day shift, she has experienced a non-selection for a vacant position – she was the most senior person, so she should have gotten the position automatically – that is the Defendant's policy. Plaintiff is a black female age 53 who is the only shift leader over 40, who has over 30 years of experienced as a Shift Leader, who is underpaid, who doesn't get fair promotions, began getting low performance reviews and merit raises since filing a discrimination complaint, who's supervisor and managers look to her for her knowledge and expertise in getting their work produced in the PNT Department. They belittle her, degrade her, disrespect her, use her and now try to get rid of her because she has a lawsuit against company.

### Plaintiff Suffers Emotional Distress from Abuse

Because of the harassment, discrimination and retaliation, Plaintiff has experienced physical, emotional and mental distress. Emotionally, the Plaintiff's has anxiety, depression, alienation and isolation. She's stressed, upset all the time and has trouble sleeping. Physically, she's not eating as she should. She constantly gets an upset stomach and has headaches almost everyday. She goes through a bottle of Advil (200 ct) every month. It's very stressful for her to work her regular hours at the company. She is constantly being asked to work overtime. She is too sick physically and emotionally to do so. She has to been seeing a psychiatrist for months. She needs to have more sessions, but this is what she can afford at this time. It was suggested that she see a psychiatrist to alleviate her symptoms of distress brought on by problems and stress at work. This was diagnosed by the psychological expert in an Expert Report. The expert psychologist also suggested that a change in circumstances will almost certainly prove beneficial to the Plaintiff well being and treatment success, but HR only decided to do something about the problem when the Defendant was summons with the Title VII retaliation/harassment lawsuit. The Plaintiff has been emotionally scarred and damaged. She has suffered this pain and agony for over 3 years.

The Defendant has moved the Plaintiff's supervisor from the department which proves that he was the problem in that area; however, he continues to call and hang up out of anger and visits the section ever chance it gets. The problem still exists. The Defendant continues to allow hostility in the company. The Defendant has also moved the Plaintiff's manager, Chris Horton from the department.

## Conclusion

With all the contributions that the Plaintiff have made to this organization doing

her time there in which she has contributed to the company's growth and success, she had never once asked for compensation or a bonus for these contributions in the past. She had only asked that she receive her promotion from Operator to Shift Leader with compensation. However, the Defendant has refused her this compensation fighting her for over four years stating that she's not qualified and that she has obtained the amount of compensation for her current level. Yet, all shift leaders, managers, and other teams depend on her and her team (Red Nights) to make the quarter each period. Surely the Plaintiff is worth more than $15.02 per hour, with now more than 30 years of experience. She has experienced loss of enjoyment of life. In September 2010, defendant increased her salary to a meager $16.00 and raised her to a Level III. She is still being under paid and her title is not Shift Leader. She still remains at the operator level.

For over three years, the Defendant has allowed staff members to torture, harass, discriminate and retaliate against the Plaintiff in hope that she will quit or be dismissed from her job. This way their problem will go away. The latest episode she experienced was the threat of being fired if she didn't sign a code of conduct acknowledgement. She stated to them that she had two cases pending in the Supreme Court and she wrote a letter stating this as well as stating that she would uphold the Code and signed it. The HR team told her that this wasn't acceptable and made her miss two days of work after telling her that she can include comments on the Code documentation and initial each page and then sign the back page. She included the same information on the Code document that she included on her written letter. Harassment and retaliatory activity continues even today. The staff members could not do this without the knowledge of the management team and Human Resources. They all know that the

Plaintiff has a discrimination claim against the company since filing it in 2007; Plaintiff

has provided documentation proving this and will provide witnesses. Defendant allowed

this situation to continue for this period of time trying to get rid of their problem. Because

of this harassment and retaliation the Plaintiff has been emotionally scarred and damaged

The discrimination lawsuit has escalated into this additional lawsuit of harassment and

retaliation.

Because of the past and current harassment and retaliation acts, the plaintiff

would like to file a Section 1981.


Respectfully Submitted, this 15th day of November, 2010.

Debra Robertson
4021 Bella Park Trail, Apt. 108
Raleigh, NC 27613
919-881-8353

# CERTICATE OF SERVICE

I herby certify that on November 15, 2010, I filed the foregoing **REQUEST TO FILE SECTION 1981** and served this on the Defendant's attorney by depositing a copy thereof in the United States mail addressed to the following:

> Richard D. Haygood
> Kilpatrick Stockton, LLP
> 3737 Glenwood Ave., Suite 400
> Raleigh, NC 27612

Debra Robertson

4021 Bella Park Trail, Apt. 108
Raleigh, N.C. 27613
919-881-8353