IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-507-H

DEBRA ROBERTSON,

    Plaintiff,

    v.

CREE, INC.,

    Defendant.

**ORDER**

This matter is before the court on defendant's motion to dismiss, as well as defendant's motion for sanctions. Plaintiff has responded to both motions, and defendant has filed replies. These matters are ripe for adjudication.

### STATEMENT OF THE CASE

This action is the third law suit filed by plaintiff Debra Robertson ("plaintiff" or "Ms. Robertson") against her employer Cree, Inc. ("Cree"). Plaintiff's two previous lawsuits, Debra Robertson v. Cree, Inc., No. 5:08-CV-13-H (E.D.N.C. Mar. 29, 2010) ("Robertson I") and Debra Robertson v. Cree, Inc., No. 5:09-CV-189-H (E.D.N.C. Mar. 29, 2010) ("Robertson II") were dismissed by this court on March 29, 2010. The United States Court of Appeals for the Fourth Circuit affirmed the dismissals,

and the United States Supreme Court has denied plaintiff's petitions for certiorari.

## COURT'S DISCUSSION

### I. MOTION TO DISMISS

Defendant argues that plaintiff's instant suit represents "nothing more than plaintiff's attempt to recast the discrimination and retaliation claims of [<u>Robertson I</u> and <u>Robertson II</u>] in the guise of a Section 1981 claim." (Mem. Supp. Mot. Dismiss at 1 [DE #13].) Defendant therefore argues that this suit is barred by the doctrine of res judicata. This court, having carefully reviewed this matter, agrees.

The complaint in the instant matter ("<u>Robertson III</u>") states that "plaintiff would like to file a Section 1981 [sic] against the defendant because of the harassment and retaliation she is experiencing or have [sic] experienced from the defendants' [sic] staff when she filed at [sic] Title VII claim against them." (Compl. at 1.) Plaintiff's complaint reiterates the allegations of Robertson II, often verbatim. For example, the <u>Robertson III</u> complaint alleges:

> [T]he plaintiff was subjected to harassment in that her supervisor ignored her; did not assign her duties and directions on a daily basis and encouraged her subordinates to disrespect and not listen to her directions.

2

(Compl. at 6 [DE #6].) In Robertson II, plaintiff alleged:

> I have been subjected to harassment in that my supervisor ignores me and does not assign me duties and directions on a daily basis and encourages my subordinates to disrespect me.

See Robertson II, DE #9.

Plaintiff fails to address the res judicata argument set forth in defendant's brief. In fact, plaintiff admits that she filed Robertson III because her Title VII claims were time barred and she believes she can now bring those same claims pursuant to 42 U.S.C. § 1981 to avoid the timing problem.

For the doctrine of res judicata to apply there must be: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Nash County Bd. Of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981). Defendant's brief articulates the presence of a final judgment in an earlier suit, an identity of the cause of action and an identity of parties. Plaintiff's response does not contest these facts, but effectively concedes them. After careful review of the record, the court finds this matter to be barred by the doctrine of res judicata. Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826 (8th Cir. 1989)

3

("[A] disposition of the Title VII action as untimely filed is a decision on the merits for purposes of res judicata.") Plaintiff cannot relitigate the same claims or claims arising from the same transaction/occurrence pursuant to Section 1981 when this court has already dismissed her Title VII claims as untimely. Plaintiff's claims in the instant matter were or could have been raised in Robertson I and/or Robertson II.[1] See Allen v. McCurry, 449 U.S. 90, 95 (1980) (res judicata bars re-litigation of all issues "that were or could have been raised" in a previous action).

## II. MOTION FOR SANCTIONS

Defendant also moves, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions against plaintiff. Defendant argues that plaintiff is merely attempting to recast her discrimination claims and retaliations claims from Robertson I and Robertson II as Section 1981 claims. Defendant argues that such a claim is unwarranted under existing law or any non-frivolous argument for extending, modifying or reversing existing law and therefore fails to meet the certification requirements of Rule 11.

---

[1] The court also agrees with defendant that even if plaintiff's action were not barred by res judicata, her claims are subject to dismissal for failure to state a claim upon which relief can be granted.

4

While this court agrees that plaintiff is merely attempting to recast her claims as Section 1981 claims and that her claims are unwarranted under existing law or any non-frivolous argument for extension thereof, this court declines, in its discretion, to award sanctions in this matter. The court notes that on December 21, 2010, this court ordered plaintiff to pay defendant $7500 in attorney's fees in <u>Robertson II</u>. As of the date of this order, plaintiff has not paid any portion of the $7500 awarded. The court does warn the plaintiff that continued filing of claims which are barred and/or which have no basis in fact or law may result in future sanctions and/or imposition of a pre-filing injunction.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE #12] is GRANTED. Defendant's motion for sanctions [DE #14] is DENIED. The clerk is directed to close this case.

This __1st__ day of March 2012.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

5